IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRTI RUXMOHAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-cv-3119 |
| | § | |
| CVS RX SERVICES, INC. | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**NOW COMES** Kirti Ruxmohan ("Plaintiff") and files this Original Complaint against CVS RX SERVICES, INC. ("CVS") and would show the Court as follows:

### I.
### PARTIES

1.  Plaintiff, Kirti Ruxmohan, is a citizen of the United States residing in Fort Bend County, Texas.

2.  Defendant CVS RX Services, Inc. is a foreign for-profit Corporation and may be served with summons through its registered agent, CT Corporation, 1999 Bryan St., Ste. Plaintiff is requesting a waiver of summons from Defendant at this time.

## II.
### JURISDICTION AND VENUE

3. This Court has jurisdiction as this action arises under he Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 20003-3(a) et seq.) and Chapter 21 of the Texas Labor Code.

4. The Court has supplemental jurisdiction over claims arising under state-law because the claims are part of the same case or controversy as those arising under federal law. 28 U.S.C. § 1367.

5. Venue is proper in this Court as all or a substantial part of the events or omissions giving rise to the claim occurred in judicial district.

## III.
### FACTS

6. Plaintiff Kirti Ruxmohan began his career in 1987 as a Pharmacist for the Eckerd Corporation (later acquired by CVS). Throughout his employment with Eckerd (and later CVS) Plaintiff performed his duties and responsibilities in compliance with the procedures expected of him. He had no documented history of write-ups or other disciplinary action until June 27, 2014 when he became the subject of a frivolous internal sexual harassment claim led by an overzealous District Manager.

7. For many years during his employment with CVS Mr. Ruxmohan suffered from a medical condition that caused him to experience frequent and largely unpredictable bowl movements. In order to manage his condition during working hours, Mr. Ruxmohan would keep medical supplies (including adult diapers and other incontinence products) in his personal vehicle on the premises. In December of 2013 Mr. Ruxmohan was working as the Pharmacist-

in-Charge at a Houston-CVS retail store. The Company had recently hired a new front desk manager at this location named Myra Reyes. Ms. Reyes became confused about Mr. Ruxmohan's trips to his vehicle during the work day and inaccurately reported to (fmr.) CVS District Manager Nandan Kumar that Mr. Ruxmohan was taking trips to his home while on the clock.

8.      As a result of Ms. Reyes' inaccurate report Mr. Ruxmohan was called to a meeting and questioned by Mr. Kumar. Although he was extremely embarrassed about his medical condition, he had no choice but to reveal it to Mr. Kumar during the meeting. During this same meeting he requested the reasonable accommodation of a short break during his shift to address his personal medical condition. Mr. Kumar immediately denied his request and directed him to leave all of his personal medical supplies in the employee bathroom and discontinue any trips to his vehicle during the day. The humiliation that he suffered in being forced to reveal his condition to Mr. Kumar was exacerbated by the possibility of his colleagues discovering his medical supplies. Despite valid concerns about how the presence of these supplies might compromise his medical privacy, he complied with Mr. Kumar's directive.

9.      As a result of Ms. Reyes' report to Mr. Kumar there was a great deal of tension at this CVS location between staff members. These tensions increased significantly in February 2014 when Mr. Kumar was replaced by Cassandra Tenon who was a personal friend of Ms. Reyes. In an effort to improve employee relations at this location, Mr. Ruxmohan decided to take the high road and apologized to Ms. Reyes. He initiated a conversation with her to try and clear up any misunderstanding and presented her with a small gift card as a goodwill gesture. Unfortunately his decision to be the bigger person was grossly misinterpreted by Ms. Reyes. Shortly after their

conversation she filed an internal complaint against Mr. Ruxmohan describing his apology and the gift card as an unwanted sexual advance.

10.     Ms. Tenon immediately launched an internal investigation into Ms. Reyes' allegations of harassment. Despite her personal friendship with Ms. Reyes, Ms. Tenon did not recuse herself from the investigation into these allegations. Mr. Ruxmohan vehemently denied any wrongdoing and demanded that Ms. Tenon present any proof of the accusations against him. Initially, Ms. Tenon claimed to have both documentary and video evidence. She would eventually concede that the only "evidence" of wrongdoing was the word of her personal friend Ms. Reyes.

11.     Despite the lack of any proof to support these accusations, Ms. Tenon continued her vendetta against Mr. Ruxmohan. After Ms. Reyes complained that Mr. Ruxmohan "refused to speak with her" at the store, Ms. Tenon made the decision to transfer him to another location. Although he disagreed with the decision, Mr. Ruxmohan against complied with the Company's request.

12.     Shortly after being transferred to a different location Mr. Ruxmohan stopped by his former store to retrieve a few items and visit with his colleagues. In a casual conversation he suggested that he "needed a lawyer" to represent him throughout these investigations and to protect his interests. In another wild mischaracterization, Ms. Reyes claimed this comment was retaliatory and reported it to Ms. Tenon. On June 27, 2014 Ms. Tenon and CVS claimed that Mr. Ruxmohan's reference to his need for legal representation was retaliatory and terminated his employment after twenty-five (25) years of service.

## IV.
### CONDITIONS PRECEDENT

13. All conditions precedent to jurisdiction have occurred or been complied with: a Charge of Discrimination was jointly filed with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC-CRD") and the Plaintiff's lawsuit has been filed within ninety (90) days of receipt of EEOC's issuance of a right to sue letter. (See Exhibit A).

## V.
### CAUSES OF ACTION
### TITLE VII RETALIATION

14. Title VII of the Civil Rights Act of 1964 prohibits retaliation against an employee for opposing any unlawful employment practice or because the employee "has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter." *See* 42 U.S.C. § 2000e-3(a). This provision has two components, an opposition clause and a participation clause. *See Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1135 (5th Cir. Unit A 1981). Courts have consistently recognized the explicit language of Title VII's participation clause is expansive and seemingly contains no limitations. *See Clover v. Total Servs., Inc.*, 176 F.3d 1346, 1353 (11th Cir. 1999). (The words 'participate in any manner' express Congress' intent to confer exceptionally broad protection upon employees covered by Title VII.) Referring directly to this provision, the Supreme Court has noted "[r]ead naturally, the word 'any' has an expansive meaning, and thus, so long as Congress did not add any language limiting the breath of the word, the term 'any' must be given literal effect." *See United States v. Gonzalez*, 520 U.S. 1, 5 117 S.Ct. 1032 (1997). Courts have also held that the expansive language of the participation clause protects an employee who

defends himself against charges of discrimination. *Durant v. MillerCoors, LLC*, 415 Fed.Appx. 927, 932 (10th Cir. 2011). *See* EEOC Compliance Manual § 8-II(C)(1) n.24 (May 20, 1998).

15. Pursuant to 42 U.S.C. § 2000e-3(a) Plaintiff pleads a cause of action against the Defendant for Title VII retaliation.

16. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

17. CVS violated the anti retaliation provisions of Title VII by firing Mr. Ruxmohan for asserting his right to retain counsel during the course of an internal sexual harassment investigation. Mr. Ruxmohan's statement that he "needed to hire a lawyer" after his colleague Myra Reyes accused him of sexual harassment was protected under Title VII's participation clause.

18. Since the United States Supreme Court has made clear that *any* participation is protected under the statute, Plaintiff alleges that CVS violated Title VII by terminating him for asserting his right to retain counsel during the Company's internal investigation. *See* United States v. Gonzalez, 520 U.S. 1, 5 117 S. Ct. 1032 (1997); *See also Merritt v. Dillard Paper Co.*, 120 F.3d 1181 (11th Cir. 1997).

## DISABILITY DISCRIMINATION

19. The Americans with Disabilities Act prohibits discrimination against persons with disabilities, because of the disability and requires employers to make reasonable accommodations to the known limitations of a qualified individual with a disability. *See* 42 U.S.C. § 12112(a)

20. Pursuant to 42 U.S.C. § 12112 Plaintiff pleads a cause of action against the Defendant for disability discrimination.

21. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

22. The Defendant engaged in discrimination and harassment against Plaintiff, a qualified person with a disability, who performed the duties of Pharmacist with Defendant for over twenty-five (25) years. Plaintiff was denied the reasonable accommodation of a short break during the day to retrieve his personal medical supplies from his vehicle. Shortly after the Plaintiff disclosed his personal medical condition to his employer he was subject to discrimination in the form of multiple frivolous investigations into his practice of storing his medical products in his vehicle and retrieving them as needed throughout the day. The Plaintiff was subsequently accused of making an unwanted advance by apologizing to a co-worker who incorrectly reported his trips to his vehicle as job abandonment. The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

23. The Plaintiff alleges that the Defendant failed to accommodate his disability, transferred him and ultimately fired him in violation of the Americans with Disabilities Act.

### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

24. The Americans with Disabilities Act prohibits retaliation against a person who has opposed discrimination by filing a charge testified, assisted or participated in any manner in an investigation, proceeding or hearing. The Act also makes it unlawful to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of, or on account of his

having exercised any right protected by the statute.  *See* 42 U.S.C. § 12203(a)-(b).

25.     Pursuant to 42 U.S.C. § 12203 Plaintiff pleads a cause of action against the Defendant for retaliation.

26.     The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

27.     Plaintiff engaged in a protected activity by requesting the reasonable accommodation of a short break during the day to retrieve his medical supplies from his personal vehicle.  In response to his request the Plaintiff was subjected to multiple internal investigations centered on his practice of retrieving his medical supplies from his personal vehicle during the day.  As a result of these investigations the Plaintiff was transferred from his store location and eventually terminated by the Defendant.  The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

28.     Plaintiff alleges that the Defendant retaliated against him by subjecting him to multiple investigations, transferring him and terminating his employment in violation of the Americans with Disabilities Act.

### DISABILITY DISCRIMINATION
### UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

29.     Chapter 21 of the Texas Labor Code prohibits discrimination against persons with disabilities, because of the disability, and requires employers to make reasonable accommodations to the known limitations of a qualified individual with a disability.  *See* Tex. Lab. Code Ann. §§ 21.051, 21.128

30. Pursuant to Section 21.051 of the Texas Labor Code Plaintiff pleads a cause of action against the Defendant for disability discrimination.

31. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

32. The Defendant engaged in discrimination and harassment against Plaintiff, a qualified person with a disability, who performed the duties of Pharmacist with Defendant for over twenty-five (25) years. Plaintiff was denied the reasonable accommodation of a short break during the day to address his personal medical condition. Shortly after the Plaintiff disclosed his personal medical condition to his employer he was subject to discrimination in the form of multiple frivolous investigations into his practice of storing his medical products in his vehicle and retrieving them as needed throughout the day. The Plaintiff was subsequently accused of making an unwanted advance by apologizing to a co-worker who incorrectly reported his trips to his vehicle as job abandonment. The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

33. The Plaintiff alleges that the Defendant failed to accommodate his disability, transferred him from his permeant location and ultimately fired him in violation of Chapter 21 of the Texas Labor Code.

### RETALIATION UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

34. Chapter 21 of the Texas Labor Code prohibits retaliation against a person who has opposed discrimination by filing a charge or complaint or testified, assisted, or participated in an investigation, proceeding, or hearing under the TCHRA. *See* Tex. Lab. Code § 21.055.

35. Pursuant to section 21.055 of the Texas Labor Code Plaintiff pleads a cause of action against the Defendant for retaliation.

36. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

37. Plaintiff engaged in a protected activity by requesting the reasonable accommodation of a short break during the day to retrieve his medical supplies from his personal vehicle.  In response to his request the Plaintiff was subjected to multiple internal investigations centered on his practice of storing his medical supplies in his personal vehicle.  As a result of these investigations he was transferred from his store location and eventually terminated by the Defendant.  The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

38. Plaintiff alleges that the Defendant retaliated against him by transferring him from his permeant store location and terminated his employment in violation of Chapter 21 of the Texas Labor Code.

## VI.
### DAMAGES

39. Plaintiff sustained damages as a result of the actions and/or omissions of Defendant described herein.  Accordingly, Plaintiff is entitled to an award of actual and compensatory damages including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court.  Plaintiff also seeks an award of damages for his mental anguish and pain and suffering he has suffered, continues to suffer, and will suffer in the future.

40. Additionally, as a result of Defendant's actions and/or omissions, Plaintiff was required to retain counsel to protect and enforce his legal rights. Accordingly, Plaintiff seeks compensation for the attorney's fees as well as out-of-pocket expenses, expert fees and costs of Court he will have incurred in this action.

## VII.
### PUNITIVE DAMAGES

41. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to his protected rights. In order to punish said Defendant for engaging in unlawful discrimination and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery of punitive damages.

## VIII.
### JURY DEMAND

42. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## IX.
### PRAYER

43. For the reasons set forth above, Plaintiff, Kirti Ruxmohan respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; **punitive damages**, together with interest as allowed by law; costs of court, attorney's fees, reinstatement and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,



By: _____
Terrence B. Robinson, Attorney-In-Charge
Texas Bar No. 17112900
2603 Augusta Drive, 14th Floor
HOUSTON, TX 77057
Tel. (713) 752-0900
Fax. (713) 742-0951
E-mail: Terrence.robinson@kennardlaw.com
**ATTORNEY FOR PLAINTIFF**


**OF COUNSEL FOR PLAINTIFF:**

Ronald E. Dupree
Texas SBN: 24055433
2603 Augusta Drive, 14th Floor
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: ronald.dupree@kennardlaw.com